UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA        PRELIMINARY ORDER OF FORFEITURE

   - against -                        24-CR-329 (MKB)

CARLOS ARTURO SUAREZ PALACIOS,

         Defendant.

- - - - - - - - - - - - - - - - -X

         WHEREAS, on or about October 7, 2025, Carlos Arturo Suarez Palacios (the "defendant"), entered a plea of guilty to the offense charged in Count One of the above-captioned Indictment, charging a violation of 18 U.S.C. § 1349; and

         WHEREAS, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), the defendant has consented to the entry of a forfeiture money judgment in the amount of three hundred sixty-six thousand dollars and zero cents ($366,000.00) (the "Forfeiture Money Judgment"), in addition to the forfeiture of all right, title, and interest in the following assets (collectively, the "Subject Assets"):

     (i)      $78,801.14, more or less, seized by law enforcement on or about September 6, 2024, from TD Bank account number ending in 3128, held in the name or for the benefit of Carlos Suarez, and all proceeds traceable thereto (the "Suarez Asset");

     (ii)     $36,601.35, more or less, seized by law enforcement on or about September 6, 2024, from TD Bank account number ending in 4360, held in the name or for the benefit of Eliahou Paldiel, and all proceeds traceable thereto;

     (iii)    any and all funds, securities and other assets seized or restrained by law enforcement on or about September 6, 2024, in TD Ameritrade, Inc. account number ending in 2312, held in the name or for the benefit of Eliahou Paldiel, and all proceeds traceable thereto;

(iv) $314,238.17, more or less, seized by law enforcement on or about September 6, 2024, from Robinhood Markets, Inc. account number ending in 0016, held in the name or for the benefit of Eliahou Paldiel, and all proceeds traceable thereto; and

(v) approximately $92,710.00 in U.S. currency seized on or about August 28, 2024, from 116-24 Grosvenor Lane, Apartment 5A, Kew Gardens, New York 11418, and all proceeds traceable thereto,

as any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of the defendant's violation of 18 U.S.C. § 1349, and/or substitute assets, pursuant to 21 U.S.C. § 853(p).

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, on consent, by and between the United States and the defendant as follows:

1. Pursuant to 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), the defendant shall forfeit to the United States the full amount of the Forfeiture Money Judgment and all right, title, and interest in the Subject Assets. The forfeiture of the Suarez Asset shall be credited towards any outstanding balance of the Forfeiture Money Judgment.

2. All payments made towards the Forfeiture Money Judgment shall be made by a money order, or certified and/or official bank check, payable to the U.S. Marshals Service with the criminal docket number noted on the face of the instrument. The defendant shall cause said payment(s) to be sent by overnight mail delivery to the Asset Recovery Section, United States Attorney's Office, Eastern District of New York, 271-A Cadman Plaza East, Brooklyn, New York 11201. The Forfeiture Money Judgment shall be paid in full within sixty (60) days of the date of sentencing (the "Due Date").

3. To satisfy the Forfeiture Money Judgment, the defendant consents to the forfeiture of all right, title and interest that he has in the following real property, pursuant to 21 U.S.C. § 853(p), as substitute assets, up to the value of the outstanding Forfeiture Money Judgment: (a) the real property located at 8 Crestwood Mews, Apartment 1D, Allendale, New Jersey 07401 (the "Allendale Property"); and (b) the real property located at 659 Hawks Nest Road, Brick, New Jersey 08724 (the "Brick Property"). Further, the defendant consents to the interlocutory sale of the Allendale Property, as a substitute asset, pursuant to 21 U.S.C. § 853(p) and Fed. R. Crim. P. 32.2(b)(7).

4. Upon entry of this Preliminary Order of Forfeiture ("Preliminary Order"), the United States Attorney General or her designee is authorized to seize the Subject Assets, to conduct any proper discovery, in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c), and to commence any applicable proceedings to comply with statutes governing third-party rights, including giving notice of this Preliminary Order.

5. The United States shall publish notice of this Preliminary Order in accordance with the custom and practice in this district on the government website www.forfeiture.gov, of its intent to dispose of the Subject Assets in such a manner as the Attorney General or her designee may direct. The United States may, to the extent practicable, provide direct written notice to any person known or alleged to have an interest in the Subject Assets as a substitute for published notice as to those persons so notified.

6. Any person, other than the defendant, asserting a legal interest in the Subject Assets may, within thirty (30) days of the final publication of notice or receipt of notice or no later than sixty (60) days after the first day of publication on an official government website, whichever is earlier, petition the Court for a hearing without a jury to

adjudicate the validity of his or her alleged interest in the Subject Assets, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6). Any petition filed in response to the notice of forfeiture of the Subject Assets must be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

7. The defendant shall not file or interpose any claim or petition seeking remission or contesting the forfeiture of the Subject Assets, the Allendale Property, or any property against which the United States seeks to enforce the Forfeiture Money Judgment in any administrative or judicial (civil or criminal) proceeding. The defendant shall fully assist the government in effectuating the surrender and forfeiture of the Subject Assets and the payment of the Forfeiture Money Judgment to the United States. The defendant shall take whatever steps are necessary to ensure that clear title to the Subject Assets passes to the United States, including, but not limited to, the execution of any and all documents necessary to effectuate the surrender and forfeiture of the Subject Assets to the United States. Further, if any third party files a claim to the Subject Assets, the defendant will assist the government in defending such claims. If the Suarez Asset or the Forfeiture Money Judgment, or any portion thereof, are not forfeited to the United States, the United States may seek to enforce this Preliminary Order against any other assets of the defendant, including the Allendale Property, up to the value of the Suarez Asset, and the outstanding balance of the Forfeiture Money Judgment, pursuant to 21 U.S.C. § 853(p). The defendant further agrees that the conditions of 21 U.S.C. § 853(p)(1)(A)-(E) have been met.

8. The defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of the monies and/or properties forfeited hereunder, including notice set forth in an indictment or information or administrative notice. In addition, the defendant knowingly and voluntarily waives his right, if any, to a jury trial on the forfeiture of said monies and/or properties, and waives all constitutional, legal and equitable defenses to the forfeiture of said monies and/or properties, including, but not limited to, any defenses based on principles of double jeopardy, the *Ex Post Facto* clause of the Constitution, any applicable statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

9. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this Preliminary Order shall become final as to the defendant at the time of the defendant's sentencing and shall be made part of the defendant's sentence and included in his judgment of conviction. If no third party files a timely claim, this Preliminary Order, together with Supplemental Orders of Forfeiture, if any, shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2). At that time, the monies and/or properties forfeited herein shall be forfeited to the United States for disposition in accordance with the law.

10. The United States alone shall hold title to the monies paid by the defendant to satisfy the Forfeiture Money Judgment following the Court's entry of the judgment of conviction. The United States alone shall hold title to the Subject Assets following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2).

11. The forfeiture of the Subject Assets and entry and payment of the Forfeiture Money Judgment shall not be considered a payment of a fine, penalty, restitution loss amount, or payment of any income taxes that may be due, and shall survive bankruptcy.

12. This Preliminary Order shall be binding upon the defendant and the successors, administrators, heirs, assigns and transferees of the defendant, and shall survive the bankruptcy of any of them.

13. This Preliminary Order shall be binding only upon the Court's "so ordering" of the order.

14. The Court shall retain jurisdiction over this action to enforce compliance with the terms of this Preliminary Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

15. The Clerk of the Court is directed to send, by inter-office mail, three (3) certified copies of this executed Order to the United States Attorney's Office, Eastern District of New York, Attn: Jennifer Lai, FSA Senior Law Clerk, 271-A Cadman Plaza East, Brooklyn, New York 11201.

Dated: Brooklyn, New York
       1/26/26 , 2026

SO ORDERED:

S/MKB
HONORABLE MARGO K. BRODIE
CHIEF UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK