BGK:LDM
F. #2021R00923

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| UNITED STATES OF AMERICA | CONSENT ORDER OF INTERLOCUTORY |
| - against - | <u>SALE OF REAL PROPERTY</u> |
| CARLOS ARTURO SUAREZ PALACIOS, | 24-CR-329 (MKB) |
| Defendant. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

WHEREAS, on or about August 8, 2024, defendant Carlos Arturo Suarez Palacios (the "Defendant") was charged in the above-captioned Indictment (the "Indictment") with conspiracy to commit wire fraud in violation of Title 18, United States Code, Section 1349 (Count One) and conspiracy to commit money laundering in violation of Title 18, United States Code, Section 1956(h) (Count Two);

WHEREAS, a Bill of Particulars, filed on or about September 17, 2024, provided notice of the Government's intent to seek forfeiture of, *inter alia,* the real property and premises located at 8 Crestwood Mews, Apartment 1D in Allendale, New Jersey, together with its appurtenances, improvements, fixtures, easements, furnishings and attachments thereon, as well as all leases, rents and profits therefrom, and all proceeds traceable thereto (the "Subject Property"), pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), and 982(b)(1), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c);

WHEREAS, on or about October 7, 2025, the Defendant entered a plea of guilty to the offense charged in Count One of the Indictment;

Doc ID: f03a79fe60de2f1ff2ac4f746b734b8595c470ea

WHEREAS, in connection with his guilty plea, the Defendant consented to the entry of a Preliminary Order of Forfeiture (the "Preliminary Order") that provides, among other things, for: the entry of a forfeiture money judgment in the amount of three hundred sixty-six thousand dollars and zero cents ($366,000.00) (the "Forfeiture Money Judgment"); the forfeiture of all right, title, and interest in, among other assets, $78,801.14, more or less, seized by law enforcement on or about September 6, 2024, from TD Bank account number ending in 3128, held in the name or for the benefit of Carlos Suarez, and all proceeds traceable thereto (the "Suarez TD Account"); and the forfeiture of, among other substitute assets, the Subject Property, pursuant to 21 U.S.C. § 853(p);

WHEREAS, the Subject Property is titled in the name of "Carlos Suarez and Adriana Forero, h/w" (together, the "Owners"); and

WHEREAS, the Government, the Defendant and Adriana Forero ("Forero"), by and through the Defendant's undersigned counsel, (collectively, the "Parties") have consented to the interlocutory sale of the Subject Property as set forth herein, pursuant to Fed. R. Crim. P. 32.2(b)(7), to avoid dissipation of the Subject Property;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by the Parties AND ORDERED by the Court as follows:

1. The Owners represent that: (a) they are the exclusive titleholders of the Subject Property; (b) they, along with the Defendant's undersigned counsel Elena Fast, are authorized to execute this Consent Order of Interlocutory Sale of Real Property ("Interlocutory Sale Order") and all other documents necessary to effectuate the sale of the Subject Property as contemplated herein; and (c) any tenancy of, or rental income derived from, the Subject Property will terminate on or about February 15, 2026.

Doc ID: f03a79fe60de2f1ff2ac4f746b734b8595c470ea

2. On or after February 15, 2026, the Owners are authorized to market and sell the Subject Property in a commercially feasible manner to achieve the highest possible sale price for the Subject Property, subject to the Government's approval of a licensed real estate broker and the listing price.

3. Upon the receipt of an offer from a potential buyer for the Subject Property, the Defendant shall promptly provide notice of such offer to the Government, as well as any information requested by the Government about the potential buyer, including information about any relationship the Owners may have to the potential buyer. The Government may, in its sole discretion, reject any offer to purchase the Subject Property for insufficient value, or where it determines that the proposed sale would not be an arms-length transaction.

4. Prior to listing the Subject Property, the Defendant shall provide an appraisal of the Subject Property to the Government. The Government shall have the option of obtaining its own appraisal for the Subject Property prior to determining an appropriate listing price for the Subject Property, as required under paragraph 2, above.

5. The Owners consent to the forfeiture of the Forfeitable Proceeds (as defined in paragraph 6, below), including any portion relating to Forero's interest in the Subject Property, as a substitute asset, pursuant to 21 U.S.C. § 853(p), up to the amount owed on the Forfeiture Money Judgment. Upon the sale of the Subject Property, the Forfeitable Proceeds, including any portion thereof relating to Forero's interest in the Subject Property, up to the amount owed on the Forfeiture Money Judgment, shall be deposited into the U.S. Marshals Service suspense account pending the resolution of this matter and, if forfeited, credited towards the outstanding balance on the Forfeiture Money Judgment.

6. The Forfeitable Proceeds for the sale of the Subject Property will include

Doc ID: f03a79fe60de2f1ff2ac4f746b734b8595c470ea

all moneys realized from the sale of the Subject Property, except for the following:

    a. Any outstanding mortgages dated prior to the return of the Indictment;
    b. Any real estate commissions and fees;
    c. Any real estate, property, transfer, association or other taxes or fees, which are due and owing at the time of the sale;
    d. Insurance costs approved by the Government;
    e. Escrow fees;
    f. Title fees; and
    g. County transfer fees.

7. The Defendant shall, upon filing of this Interlocutory Sale Order, take all usual and customary steps to sell the Subject Property in accordance with all laws and procedural rules applicable to such sale, with a purpose to effect actual sale within ninety (90) days from the date of entry of this Interlocutory Sale Order. The ninety-day period may be extended with the written consent of the Government.

8. The Forfeitable Proceeds, and any and all income or interest accrued thereon, shall serve as a substitute *res* (the "Substitute Res") for the Subject Property for purposes of forfeiture in the above-captioned case, with all claims and defenses applicable to the Subject Property, including in any other action that may be brought by the United States for forfeiture of the Subject Property or claims by third parties, to apply instead to the Substitute Res. Nothing contained herein shall be deemed to limit the Defendant's forfeiture liability, including but not limited to the forfeiture of any of the other monies or assets that the Defendant was ordered to forfeit in the Preliminary Order.

9. The Defendant shall, at least three (3) business days prior to the closing of any sale of the Subject Property hereunder, provide to the Government for its approval a copy of all closing documents, including an itemized statement of all closing costs and taxes incurred and proceeds generated at the time of the closing. The closing documents shall be delivered, by hand

Doc ID: f03a79fe60de2f1ff2ac4f746b734b8595c470ea

or by overnight mail delivery, to Assistant United States Attorney Laura D. Mantell at the address indicated below.

10. Upon approval of the closing documents, including the proposed disbursement of funds at the closing of any sale of the Subject Property, the Government shall provide the title insurer a Release of Notice of Lis Pendens as to the Subject Property, which release shall be held in escrow pending both the closing of the sale and the remittance of the Forfeitable Proceeds to the Government in the form of a certified or bank check made payable to "United States Marshals Service". Said check shall reference "U.S. v. Suarez, et al., 24-CR-329 (MKB)" as well as the address of the Subject Property in the memorandum section of the check, and be sent by overnight mail to Assistant United States Attorney Laura D. Mantell at the address indicated below, and deposited into the U.S. Marshals Service suspense account pending entry of a final order of forfeiture.

11. In furtherance of this Interlocutory Sale Order, the Owners agree to execute promptly any documents which may be required to complete the interlocutory sale of the Subject Property.

12. The Defendant shall maintain the Subject Property, and shall not remove, destroy, alienate, transfer, detract from, remodel, or alter in any way, the Subject Property or any fixture which is part of the Subject Property, reasonable wear and tear excepted. Further, the Defendant shall not rent or derive any income from the Subject Property after February 15, 2026, unless agreed to by the Government.

13. In no event shall the United States be held responsible for any costs, expenses or fees associated with the Subject Property, regardless of whether it is sold. Until the sale of the Subject Property as contemplated hereunder, the Parties agree that the Defendant shall

Doc ID: f03a79fe60de2f1ff2ac4f746b734b8595c470ea

pay and be responsible for all expenses, costs and fees for the Subject Property, including, but not limited to, condo association and mortgage payments as well as any taxes and interest owed.

14. In the event that the Forfeitable Proceeds from the interlocutory sale of the Subject Property contemplated hereunder and the forfeiture of the Suarez TD Account do not satisfy the Forfeiture Money Judgment, the government reserves its rights to seek forfeiture of the real property located at 659 Hawks Nest Road in Brick, New Jersey (the "Brick Property") up to the amount of the outstanding judgment, pursuant to 21 U.S.C. § 853(p). In the event that the Forfeitable Proceeds from the interlocutory sale of the Subject Property contemplated hereunder and the forfeiture of the Suarez TD Account are sufficient to satisfy the Forfeiture Money Judgment, the government will provide the defendant with a Release of Lis Pendens for the Brick Property.

15. This Interlocutory Sale Order may be executed in counterparts, each of which shall be deemed an original, and all of which, when taken together, shall be deemed the complete order. Signature pages may be transmitted electronically, and such signatures shall be deemed to be valid originals.

16. This Interlocutory Sale Order constitutes the complete agreement between the Parties and may not be amended unless in writing. Further, the Owners agree that they shall hold harmless, and release, remise, and forever discharge the United States and its agencies, agents, officers, and employees, past and present, from all claims or causes of action which they ever had, now have, or hereafter may have for or on account of the restraint of the Subject Property and any sale hereunder.

17. Each Party agrees to bear its own costs and attorneys' fees, and the Owners agree to waive any and all rights they have, if any, to recover attorney's fees and/or

Doc ID: f03a79fe60de2f1ff2ac4f746b734b8595c470ea

interest under the Equal Access to Justice Act, the Civil Asset Forfeiture Reform Act, or any other legal or statutory bases in connection with the Subject Property.

18. The Court shall retain jurisdiction in this matter to take additional action and enter further orders as necessary to implement and enforce this Interlocutory Sale Order.

STIPULATED TO:

JOSEPH NOCELLA, JR.
United States Attorney
Eastern District of New York

By: LAURA MANTELL
Digitally signed by LAURA MANTELL
Date: 2026.01.30 11:08:45 -05'00'

Laura D. Mantell
Assistant United States Attorney
271 Cadman Plaza East
Brooklyn, New York 11201
(718) 254-6253
laura.mantell@usdoj.gov

Date

[SIGNATURES CONTINUE ON FOLLOWING PAGE]

Doc ID: f03a79fe60de2f1ff2ac4f746b734b8595c470ea

CARLOS ARTURO SUAREZ PALACIOS, Defendant

By: _____     01 / 10 / 2026
CARLOS ARTURO SUAREZ PALACIOS           Date
Defendant

By: _____     01 / 09 / 2026
Elena Fast, Counsel to Defendant Suarez  Date
The Fast Law Firm, P.C.
521 Fifth Avenue, 17 Floor
New York, NY 10175
(646) 687-2995
elena@fastlawpc.com


ADRIANA FORERO,

By: _____     01 / 10 / 2026
ADRIANA FORERO                          Date
Co-Owner


SO ORDERED:


_____          _____
HONORABLE MARGO K. BRODIE               Date
UNITED STATES DISTRICT JUDGE

Doc ID: f03a79fe60de2f1ff2ac4f746b734b8595c470ea